**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————————

No. 21-2578

————————————

KEVIN KUHN,

Appellant

v.

DMYTRO ONUSZKANYCZ

————————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 3-17-cv-00386)
District Judge: Honorable Malachy E. Mannion

————————————

Submitted under Third Circuit LAR 34.1(a)
on October 20, 2022

Before: GREENAWAY, JR., MATEY and ROTH, <u>Circuit Judges</u>

(Opinion filed: March 29, 2023)

————————————

OPINION[*]

————————————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**ROTH**, <u>Circuit Judge.</u>

Kevin Kuhn sued Dmytro Onuszkanycz, claiming that Onuszkanycz caused a traffic accident that resulted in injury. A jury found for Onuszkanycz. Kuhn contends that the District Court made two errors that require remand. For the reasons stated below, we disagree and thus will affirm.

**I.**

Kuhn alleged that Onuszkanycz knocked him off his motorcycle, resulting in substantial injury. Kuhn asserts that because Onuszkanycz caused the accident, he is liable for Kuhn's injuries.

During the jury trial, both parties retained experts in accident reconstruction. Kuhn sought to question Onuszkanycz's expert, William J. Martin, concerning the hospital note from the Emergency Room. This note was prepared by the physician, caring for Onuszkanycz after the accident, and included the physician's statement that Onuszkanycz "tried to slow down but could not stop in time."[1] In questioning Martin, Kuhn asked, "did you also see emergency room records . . . where it was noted that Mr. Onuszkanycz rear ended a motorcycle?"[2] Onuszkanycz's counsel objected, and the District Court sustained on the basis of hearsay.

During closing arguments, Onuszkanycz's attorney stated, "I just want to close with the words that Mr. Onusczkanycz gave to me when we discussed this accident for the first

---

[1] Appx. 558.
[2] Appx. 283.

time . . .. Kevin Kuhn was the architect of this accident."[3]  Kuhn objected without stating

his grounds, and the District Court overruled him on the basis that "It's argument."[4]

The jury found for Onuszkanycz.  Kuhn appealed.

## II.[5]

Kuhn argues that the lower court erred by precluding him from questioning Martin

about the Emergency Medicine Note.[6]  He contends that the note should be admissible

under Rule 703 of the Federal Rules of Evidence because Martin had used it in forming his

opinions and drafting his report.[7]  Martin's expert report, however, does not mention this

note.  Kuhn suggests that the "EMS Report of Mr. Onuszkanycz" in Martin's expert report

is the emergency room note, but he is mistaken.  The EMS Report referred to is the report

from the on-scene Commonwealth Health EMS crew, not the note from the emergency

room.  Martin also testified that he never reviewed medical records from the doctor who

wrote the note.  Accordingly, the portion of the note that Kuhn referred to—Onuszkanycz

"tried to slow down but could not stop in time"—could not come in under Rule 703, or any

---

[3] Appx. 489.

[4] Appx. 489.

[5] The District Court had jurisdiction under 28 U.S.C. § 1332.  We have jurisdiction under 28 U.S.C. § 1291.

[6] We review questions of evidentiary rulings for abuse of discretion.  *United States v. Friedman*, 658 F.3d 342, 352 (3d Cir. 2011).

[7] Rule 703 provides that "an expert may base an opinion on [inadmissible] facts or data in the case that the expert has been made aware of . . . [i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion."

3

other hearsay exception, and was thus inadmissible hearsay.[8]  The District Court did not abuse its discretion by precluding Kuhn from cross-examining Martin about such evidence.

Kuhn also argues that the District Court erred by allowing Onuszkanycz's attorney, during his closing argument, to refer to confidential attorney-client communications with his client that were not evidence in the case.  Our review of a District Court's decision regarding whether a counsel's alleged improper remarks influenced the jury verdict is deferential.  We will defer to the District Court's ruling unless an improper statement during a closing argument "constitutes reversible error."[9]  Reversible error occurs only when counsel's "'argument inject[s] prejudicial extraneous evidence,' such that the 'improper statements so pervaded the trial as to render the verdict a product of prejudice.'"[10]  We conclude that Onuszkanycz's attorney's repeated characterization of Kuhn as the "architect of the accident" was not improper.  It is no more than a rephrasing of Onuszkanycz's position that Kuhn caused the accident.  Even if it were improper, this

---

[8] This note constitutes inadmissible hearsay because it was being offered for its truth and does not satisfy any of the exceptions.  *See* Fed. R. Evid. 801 & 802.  At trial, Kuhn also argued that this note could come in as "a statement for a medical diagnosis."  Appx. 95.  However, as the District Court explained, this statement was not for the purpose of medical diagnosis.  *See* Fed. R. Evid. 803(4).  In any event, this argument was not repeated on appeal.

[9] *Leonard v. Stemtech Int'l, Inc.*, 834 F.3d 376, 399 (3d Cir. 2016) (quotations omitted) (quoting *Fineman v. Armstrong World Indus.*, 980 F.2d 171, 210 (3d Cir. 1992)).

[10] *Id.* (quoting *Draper v. Airco, Inc.*, 580 F.2d 91, 96 (3d Cir. 1978)).

lone statement is not so prejudicial that it warrants the extreme remedy of a new jury trial.[11]

Accordingly, we defer to the District Court's ruling.

## III.

For the reasons above, we will affirm the judgment of the District Court.

---

[11] *See, e.g.*, *Fineman*, 980 F.2d at 208 (discussing how, commonly, "a combination of improper remarks are required to persuade [a court] of prejudicial impact"); *Draper*, 580 F.2d at 95, 97 (finding prejudicial impact where counsel repeatedly referenced party's wealth, inserted his opinion, referred to facts not in evidence, and insulted opposing counsel).